IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOUCHCOM, INC. AND TOUCHCOM TECHNOLOGIES, INC. 705 PROGRESS AVENUE, UNIT K SCARBOROUGH, ONTARIO, CANADA, M1H 2X1 <br><br> PLAINTIFFS, <br><br> VS. <br><br><br> BERESKIN & PARR 40 KING STREET, 40TH FLOOR TORONTO, ONTARIO, CANADA M5H 3Y2 AND H. SAMUEL FROST, BERESKIN & PARR 6733 MISSISSAUGA ROAD, SUITE 600 MISSISSAUGA, ONTARIO, CANADA L5N 6J5 <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> _____ |

NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441, 1331 and 1338, Defendants H. Samuel Frost and Bereskin & Parr (hereinafter "B&P" or, with Frost, "Defendants") remove this action to the United States District Court for the District of Columbia. Removal is proper because, as demonstrated below, this Court has subject-matter jurisdiction over this matter and Defendants' removal is otherwise proper and timely.

I.
BACKGROUND

1.     Plaintiffs Touchcom, Inc., and Touchcom Technologies, Inc., ("Plaintiffs") sued Defendants in a case styled *Touchcom Inc. and Touchcom Technologies, Inc., v.*

*Bereskin & Parr and H. Samuel Frost*, Civil Action No. 0006584-06, in the Superior Court of the District of Columbia, Civil Division ("D.C. Court Action"). Defendant B&P is a Canadian law firm; Defendant Frost is a registered patent agent and partner at B&P who serves as head of the firm's office in Mississauga, Ontario, Canada. Plaintiffs allege that Defendants committed professional malpractice in conjunction with the preparation and filing of a patent application on behalf of Plaintiffs before the U.S. Patent and Trademark Office. Defendants strenuously deny these allegations.

2.     According to the papers on file in the D.C. Court Action, Plaintiffs filed their original complaint on August 25, 2005, which asserts claims for negligence and breach of contract. The claims stem from Plaintiffs' assertion that Defendants omitted certain source code from the U.S. patent application, and that the missing source code was critical to the patent's validity. Specifically, Plaintiffs allege that Frost, in his capacity as a partner at B&P, prepared and registered United States Patent No. 5,027,282 on behalf of Touchcom. The U.S. patent was later held to be invalid by the United States District Court for the Eastern District of Texas based on the omission of certain source code.[1]  Plaintiffs allege that, but for the omission of the disputed source code from the U.S. application, the U.S. patent would not have been invalidated. Defendants deny this allegation. The Eastern District of Texas opinion is not dispositive of the invalidity issue, as the defendant in that case raised other arguments regarding the patent's invalidity that were not addressed. The opinion is also not dispositive with respect to infringement, which was not addressed in the Texas proceeding.

3.     Plaintiffs seek compensatory damages in excess of $50 million and

---

[1]     *Touchcom, Inc., et al. v. Dresser, Inc.,* 427 F. Supp. 2d 730 (E.D. Tex. 2005).

attorneys' fees.  Plaintiffs have made a jury demand.

## II.
### BASIS FOR REMOVAL

4.      This Court has subject-matter jurisdiction under to 28 U.S.C. §§ 1331 and

1338.[2]

5.      Under 28 U.S.C. § 1441, a party may remove any action "of which the

district courts of the United States have original jurisdiction."[3]  In turn, 28 U.S.C. § 1338

grants to the federal courts "original jurisdiction of any civil action arising under any Act

of Congress relating to patents . . .".  The Supreme Court has interpreted this statute to

grant original jurisdiction to United States District Courts in two situations involving

patent issues: (1) where federal patent law creates the cause of action asserted by

plaintiff; or (2) where "the plaintiff's right to relief necessarily depends on resolution of

a substantial question of federal patent law, in that patent law is a necessary element of

the well-pleaded claims."[4]

6.      In the instant case, Plaintiffs allege that, but for Defendants' omission of

the disputed source code from the U.S. patent application, the patent would not have

been found invalid by the United States District Court for the Eastern District of Texas.

Plaintiffs' complaint hinges on the contention that "[t]he U.S. '282 patent, as registered

by B&P and Frost, was indefinite and invalid because of the missing computer source

---

[2]      While Defendants invoke the subject matter jurisdiction of this Court, they contest personal jurisdiction in the District of Columbia and will timely file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

[3]      28 U.S.C. § 1441(a).

[4]      *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S. Ct. 2166, 2174 (1988).

code, and did not protect the technology . . .".[5]  In order to resolve this claim, this Court will be required to decide whether the patent application prepared by Defendants would have resulted in a valid and infringed patent, had it contained the source code at issue. Because resolution of Plaintiffs' claims requires interpretation of substantial questions of federal patent law, this case is properly removable.

### III.
### PROCEDURAL REQUIREMENTS

7.    This Notice of Removal is timely under 28 U.S.C. § 1446(b).  The 30-day limitation period for removal commences upon formal service of the state court action.[6] Both Defendants were personally served with the D.C. Court Action on August 31, 2006. Thus, the filing of this Notice of Removal is well within the 30-day limitation period, which runs until September 30, 2006.

8.    Under 28 U.S.C. § 1441(a), this case is properly removed to this Court, the United States District Court for the District of Columbia, as the district embracing the place where the D.C. Court Action is pending.

9.    Defendants, the removing parties, will promptly give Plaintiffs written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d). Defendants will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the District of Columbia, Civil Division, where the D.C. Court Action is pending, in accordance with 28 U.S.C. § 1446(d).

---

[5]    Original Compl. at ¶ 24.

[6]    *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-56 (1999).

10.    An index of all documents being filed with this Notice of Removal is attached as Exhibit A.[7]  A true and correct copy of the D.C. Court Action docket sheet is attached as Exhibit B.[8]  True and correct copies of each document filed in the D.C. Court Action, except discovery materials, are attached as Exhibit C.[9]  A true and correct copy of the summons is attached as Exhibit D.[10]  These attachments contain copies of all process, pleadings, and orders from the D.C. Court Action, as required by 28 U.S.C. § 1446(a).

## IV.
### CONCLUSION

Defendants pray that this Court remove the D.C. Court Action to this Court, issue any orders necessary to stay proceedings in the state court, assume jurisdiction of this action for all purposes, and issue such other and further relief to which Defendants may be justly entitled.

---

[7]    Appendix, Exhibit A — Index.

[8]    Appendix, Exhibit B — Docket Sheet.

[9]    Appendix, Exhibit C — State Court Pleadings.

[10]    Appendix, Exhibit D — Summons.

Dated:  September 19, 2006

Respectfully submitted,

Peter E. Strand
D.C. Bar No. 481870

Carlos E. Provencio
D.C. Bar No. 461227

600 14th Street N.W., Suite 800
Washington, D.C. 20005-2004
202-783-8400 – Telephone
202-783-4211 – Facsimile
SHOOK, HARDY & BACON L.L.P.


John H. Martin
Texas State Bar No. 13086500

Julia Callis
Texas State Bar No. 00795453

Julie E. Payne
Texas State Bar No. 24046601

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
214-969-1700 – Telephone
214-969-1751 – Facsimile
THOMPSON & KNIGHT L.L.P.


ATTORNEYS FOR DEFENDANTS
BERESKIN & PARR AND H. SAMUEL FROST

**CERTIFICATE OF SERVICE**

On this 19th day of September, 2006, I served a true and correct copy of this document by regular mail on all counsel of record.

_____

Carlos E. Provencio

Service Copies to:

James B. Vogts, Esq.
Wildman Harrold
225 W. Wacker Drive,
Suite 3000
Chicago, Illinois 60606
Phone: (312) 201-2000
Fax: (312) 201-2555


Nathan Lewin, Esq.
Alyza D. Lewin, Esq.
Lewin & Lewin
1828 L Street NW
Suite 901
Washington, D.C. 20006
Phone: (202) 828-1000