**APPENDIX TO NOTICE OF REMOVAL**

**EXHIBIT C—STATE COURT PLEADINGS**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| TOUCHCOM, INC. AND <br> TOUCHCOM TECHNOLOGIES, INC. <br> 705 Progress Avenue, Unit K <br> Scarborough, Ontario, Canada <br> M1H 2X1 <br><br> *Plaintiff,* <br> v. <br><br> BERESKIN & PARR <br> c/o C. Lloyd Sarginson, Managing Partner <br> 40 King Street, 40th Floor <br> Toronto, Ontario, Canada <br> M5H 3Y2 <br><br><br> H. SAMUEL FROST <br> Bereskin & Parr <br> 6733 Mississauga Road, Suite 600 <br> Mississauga, Ontario, Canada <br> L5N 6J5 <br> *Defendants,* | 0006584-06 <br> Civil Action No._____ <br><br> **RECEIVED** <br> **CIVIL CLERK'S OFFICE** <br> **AUG 2 5 2006** <br> SUPERIOR COURT <br> OF THE DISTRICT OF COLUMBIA <br> WASHINGTON, DC |

## COMPLAINT AND JURY DEMAND

Plaintiffs Touchcom, Inc. and Touchcom Technologies, Inc., for their Complaint against Defendants Bereskin & Parr and H. Samuel Frost, allege as follows:

### THE PARTIES

1. Plaintiffs Touchcom, Inc. and Touchcom Technologies, Inc. are corporations having their principal places of business at 705 Progress Avenue, Unit K, Scarborough, Ontario,

M1H 2X1, Canada. They are in the business of developing technology and licensing patent and technology rights in the United States and elsewhere.

2. Defendant Bereskin & Parr ("B&P") is a Canadian intellectual property law firm that serves clients in over 100 countries worldwide, including the United States and Canada. B&P claims to be highly proficient at providing customized solutions for the use, licensing, protection and enforcement of patents, trademarks, copyright, industrial designs, and trade secrets in Canada and the United States, and advertises that expertise regularly in legal publications in this jurisdiction and elsewhere in the United States.

3. Defendant H. Samuel Frost ("Frost") is a partner with B&P and practices in B&P's Mississauga office. Frost is a Registered United States Patent Agent, Registered Canadian Patent and Trade Mark Agent, Registered United Kingdom Patent Agent and Registered European Patent Attorney. Frost holds himself out to be competent and skilled at preparing patent applications, obtaining valid patents and registering them in the United States, Canada, the United Kingdom and Europe.

## NATURE OF THE CASE

4. This action arises out of professional malpractice committed by B&P and Frost in the course of their preparation and registration of United States Patent No. 5,027,282 ("the U.S. '282 patent") in the United States Patent & Trademark Office.

5. As described more fully in this Complaint, as a direct result of the negligent omission of certain computer source code which B&P and Frost should have included in the U.S. '282 patent, the United States District Court for the Eastern District of Texas held the U.S. '282 patent to be invalid in *Touchcom, Inc., et al. v. Dresser, Inc.*, 427 F. Supp. 2d 730 (E.D. Tex. 2005). B&P and Frost also prepared the application to obtain a patent in Canada for the same

2

technology ("the Canadian patent"). The Canadian patent *did* contain the computer source code that was omitted from the U.S. '282 patent.

## JURISDICTION AND VENUE

6. General personal jurisdiction over B&P and Frost exists in this Court because of their continuous and systematic professional activities in the District of Columbia, and their regular oral, electronic and written communications with persons in the District of Columbia in furtherance of their professional practices. Thirty-seven attorneys and patent agents employed by B&P are licensed to practice before the United States Patent & Trademark Office, and have regularly conducted their professional activities in the District of Columbia.

7. Specific personal jurisdiction over B&P and Frost exists in this Court pursuant to D.C. Code § 13-423(a) because they transacted business in the District of Columbia, those transactions give rise to this claim, and this Court's exercise of personal jurisdiction over them does not offend traditional notions of fair play and substantial justice. On August 5, 1988, B&P and Frost filed patent application 449,970 with the Commissioner of Patents & Trademarks in the District of Columbia. As described more fully in this Complaint, Touchcom was damaged as a direct result of the negligent omission of certain computer source code which B&P and Frost should have included in the application. Between the filing of the patent application in the District of Columbia and issuance of the patent on June 25, 1991, B&P and Frost corresponded with the Patent & Trademark Office at its District of Columbia address on matters related to the patent application, and on each occasion acted negligently in failing to correct its omission.

8. Venue is proper in the District of Columbia where many of the transactions and events giving rise to this claim occurred.

3

## FACTS RELEVANT TO ALL COUNTS

9. Inventor Peter W. Hollidge ("Hollidge") invented certain technology associated with an interactive pump system capable of interacting and responding to responses from a user ("the invention"). Hollidge is one of the principals of Touchcom, Inc.

10. On or about December 7, 1987, Hollidge assigned and transferred to Touchcom, Inc. his rights to the invention, including the right, title and interest to any and all patents that may be granted.

11. Hollidge retained B&P and Frost on behalf of Touchcom, Inc. to obtain valid U.S. and Canadian patents to protect the invention. B&P and Frost accepted the engagement.

12. B&P and Frost were aware that Touchcom, Inc. was the owner, by virtue of the aforementioned assignment of all rights, title and interest by Hollidge to Touchcom, Inc., of the invention, including the right, title and interest to any and all patents that may be granted.

13. On or about August 5, 1988, B&P and Frost filed patent application 449,970 regarding the invention with the United States Patent & Trademark Office. B&P and Frost negligently omitted certain computer source code in the patent application.

14. On or about June 1, 1989, Touchcom, Inc. granted a license to Touchcom Technologies, Inc. for the right to use the invention, with all patent rights remaining owned by Touchcom, Inc.

15. B&P and Frost had numerous opportunities to provide the missing computer source code, but they failed to do so, even when they corrected other errors in the U.S. '282 patent application.

16. B&P and Frost knew, or should have known, that the missing computer source code was essential to the validity of U.S. '282 patent.

4

17.     Despite the missing computer source code, the United States Patent & Trademark Office issued a patent on the invention on June 25, 1991.

18.     Although Touchcom, Inc., believed in good faith that the U.S. '282 patent was valid, on December 5, 2005, the U.S. '282 patent was found, as a matter of law, to be invalid by the United States District Court for the Eastern District of Texas because computer source code was missing. *Touchcom, Inc., et al. v. Dresser, Inc.*, 427 F. Supp. 2d 730 (E.D. Tex. 2005).

## FIRST CLAIM—NEGLIGENCE

19.     Paragraphs 1-18 are incorporated by reference, as if fully stated here.

20.     At the relevant times to this Complaint, B&P and Frost held themselves out as experts in the business of preparing patent applications and registering patents. B&P and Frost had a duty to exercise reasonable care in preparing patent applications and obtaining and registering patents under the United States patent laws. B&P and Frost had the duty to use such skill, prudence and diligence as other members of their profession commonly possess and exercise.

21.     B&P and Frost breached their duty both to Hollidge as the actual inventor and to Touchcom, Inc., the assignee and the ultimate owner of all rights to the U.S. '282 patent, by preparing an application for and ultimately registering the U.S. '282 patent without all of the necessary computer source code.

22.     B&P and Frost deviated from the standard of care for an intellectual property firm, and a partner and patent agent at an intellectual property firm, respectively, because B&P and Frost knew or should have known in the exercise of ordinary care that the computer source code was missing and that it was essential to the validity of the U.S. '282 patent.

23.  B&P also failed to supervise its agent, Frost, in the exercise of his duties in preparing the application for and registering the U.S. '282 patent. Likewise, B&P failed to supervise its other agents and employees who assisted Frost in preparing the application for and registering the U.S. '282 patent.

24.  The U.S. '282 patent, as registered by B&P and Frost, was indefinite and invalid because of the missing computer source code, and did not protect the technology invented by Hollidge, assigned to Touchcom, Inc. and licensed to Touchcom Technologies, Inc. The U.S. '282 patent, as prepared and registered by B&P and Frost, was defective and not fit for its ordinary purpose of protecting the technology described in it.

25.  As a direct and proximate result of B&P's and Frost's negligent actions in the course of applying for and registering the U.S. '282 patent, the plaintiffs have sustained actual losses and damages including but not limited to the inability to commercially exploit the patented technology and enforce the patent against those who would infringe its protections. Actual losses and damages approximate $50,000,000.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment against defendants and find them jointly and severally liable, with an award of damages that includes the following:

(1)  Compensatory, consequential and incidental damages in an amount to be determined at trial, but in no event less than $50,000,000;

(2)  Costs and expenses; and

(3)  All other relief this Court deems just and appropriate, including prejudgment interest.

## SECOND CLAIM—BREACH OF CONTRACT

26. Paragraphs 1-18 are incorporated by reference, as if fully stated here.

27. Touchcom, Inc. had a contract with B&P and Frost under which B&P and Frost were retained to use the skill and expertise of a law firm specializing in intellectual property law and of a patent agent registered with the U.S. Patent & Trademark Office. Under the contract, B&P and Frost were to prepare an application for, and obtain a valid patent to protect, certain technology associated with an interactive pump system capable of interacting and responding to responses from a user.

28. Touchcom, Inc. performed its obligations under the contract. It timely provided B&P and Frost with all of the information necessary to apply for and register the patent and paid B&P and Frost for their services.

29. B&P and Frost breached their obligations under the contract. They did not perform the task that they were hired to do. They did not prepare and file an application with the information provided by Touchcom, Inc.--specifically the complete computer source code--thus rendering the patent claims indefinite and invalid.

30. B&P and Frost knew that Touchcom, Inc. had granted a license to Touchcom Technologies, Inc. for the right to use and commercially exploit the invention. B&P and Frost were similarly obligated to Touchcom Technologies, Inc. to prepare and file an application with the information provided by Touchcom, Inc.--including specifically the complete computer source code.

31. As a direct result of B&P's and Frost's breach of the contract, the plaintiffs have been damaged in an amount to be determined at trial, but which is no less than $50,000,000, exclusive of costs and fees.

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment against defendants and find them jointly and severally liable, with an award of damages that includes the following:

(1) Compensatory, consequential and incidental damages in an amount to be determined at trial, but in no event less than $50,000,000;

(2) Costs and expenses; and

(3) All other relief this Court deems just and appropriate, including prejudgment interest.

## JURY DEMAND

Plaintiffs Touchcom, Inc., and Touchcom Technologies, Inc. demand a trial by jury.

Dated: August 21, 2006

Respectfully submitted,

_____
Nathan Lewin (DC Bar No. 38299)
Alyza D. Lewin (DC Bar 445506)
Lewin & Lewin, LLP
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
202-828-1000

*Attorneys for Plaintiffs*

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TOUCHCOM, INC.
Vs.
BERESKIN & PARR

C.A. No.   2006 CA 006584 M

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEW CIVIL JUDGE TBA
Date:  August 25, 2006
Initial Conference: 9:30 am, Friday, December 01, 2006
Location:  Courtroom 519
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

```
2006 CA 006584 M        TOUCHCOM, INC. et al   Vs.  BERESKIN & PARR et al        TBA
```

| | | | |
|---|---|---|---|
| Filed | 09/13/2006 | | # of Pages    1 |
| Docket Entry | Event Scheduled | | |
| | | | Journal Name |
| | | | Journal Book |
| | | | Starting Page |
| Attorney | | | Docket Nbr |
| Participants | | Sealed | Document Nbr |
| | | Create    F | File Reference |
| | | Notice | Nbr |

```
-Description-
Event Scheduled
Event: Scheduling Conference Hearing
Date: 12/08/2006    Time: 9:30 am
Judge: NEW CIVIL JUDGE TBA    Location: Courtroom 519
```

```
Entered   BAIRDE        Updated   BAIRDE        Updated    09/13/2006
By:                     By:                     Date:      08:49
```

Case 1:06-cv-01672-HHK  Document 1-4  Filed 09/19/2006  Page 12 of 12

Close Open Save Print  Scan Dismis Sum Notes Dkt ID Cond. System

2006 CA 006584 M           TOUCHCOM, INC. et al    Vs.   BERESKIN & PARR et al         TBA

```
 Filed     09/13/2006                                      # of Pages    1
 Docket Entry Event Resulted:

                                                           Journal Name
                                                           Journal Book
                                                         . Starting Page
 Attorney                                                  Docket Nbr
 Participants                       Sealed                 Document Nbr
                                    Create      F          File Reference
                                    Notice                 Nbr
-Description
 Event Resulted:
 The following event: Initial Scheduling Conference-60 scheduled for 12/01/2006 at 9:30 am
 has been resulted as follows:

 Result: Scheduling Conf Hrg Cont'd - Judge Not Available
 Judge: NEW CIVIL JUDGE TBA     Location: Courtroom 519
```

Entered   BAIRDE         Updated    BAIRDE        Updated    09/13/2006
By:                      By:                      Date:      08:27