IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOUCHCOM, INC. AND TOUCHCOM TECHNOLOGIES, INC., | § § § | |
| PLAINTIFFS, | § § | |
| VS. | § | CIVIL ACTION NO. 1:06-cv-1622 |
| BERESKIN & PARR AND H. SAMUEL FROST, | § § § § | |
| DEFENDANTS. | § § | |

### AFFIDAVIT OF H. SAM FROST

CITY OF MISSISSISAUGA

PROVINCE OF ONTARIO

BEFORE ME, the undersigned authority, on this day personally appeared H. Sam Frost, who being by me duly sworn on his oath deposes and says:

1. My name is H. Sam Frost. I am over twenty-one (21) years of age, I have never been convicted of a felony or misdemeanor crime involving moral turpitude, and I am competent to make this affidavit. I have personal knowledge of the facts stated herein, and the facts stated are true and correct.

2. I am a partner in Bereskin & Parr, an intellectual property firm. I am a registered patent and trademark agent in Canada. I am a registered patent agent in the United Kingdom and a registered European patent attorney.

3. I am also registered to practice as a patent agent before the United States Patent and Trademark Office ("U.S. PTO") under the provisions of 37 CFR 11.6(c). As an agent from a foreign country, this provides that my registration is "for the limited purposes of presenting and prosecuting patent applications of applicants located in such country."

4. In early 1987, I agreed to handle the filing of a patent application for Touchcom, Inc. I worked with Robert Wilkes, who was at that time a junior solicitor at Bereskin & Parr. Mr. Wilkes is no longer affiliated with Bereskin & Parr. He currently works and lives in Canada.

5. The invention for which Touchcom sought a patent relates to a software system for operating a pump for dispensing gasoline at typical gasoline stations where cars are refueled.

6. During the period when Bereskin & Parr rendered services to Touchcom, Robert Wilkes had principal contact with Peter Hollidge, the individual who claimed to be the sole inventor and who was identified as the sole inventor in the Touchcom patent. I communicated with Mr. Hollidge to a lesser extent. At the time of these communications, Mr. Hollidge resided in Canada. All of the meetings between representatives of Bereskin & Parr and Mr. Hollidge took place in Canada. All of the correspondence from Bereskin & Parr to Touchcom was directed to Canada. All communications between Bereskin & Parr took place in Canada.

7. Mr. Wilkes and I first prepared and filed a patent application in Canada for the technology identified by Touchcom. All of the work performed by us in connection with this application was performed in Canada. The Canadian application was filed on August 6, 1987, and Canadian Patent No. 1,301,929 was issued on May 26, 1992.

8. Touchcom also instructed Bereskin & Parr to file applications to maintain its opportunity to obtain one or more patents covering this technology outside of Canada. Because

Peter Hollidge was a British subject, it was possible to file a Patent Cooperation Treaty application ("PCT application") in Europe.

9. The PCT provides a unified procedure for filing a single patent application to protect an invention in a number of countries. An applicant makes a single filing in the appropriate country (referred to as the "Receiving Office"), and after a preliminary examination, local examination and grant procedures are handled by the subsequent relevant national authorities. Once the PCT application is filed, the subsequent filings in other countries are referred to as "national phase entries."

10. Bereskin & Parr sent documentation to a patent agent in the United Kingdom with instructions to file a PCT application in the British Patent Office as the Receiving Office. Bereskin & Parr and Touchcom intended for the application filed with the British Patent Office to be identical to the Canadian application. The PCT application was filed in the British Patent Office on August 5, 1988. All of the work performed by Bereskin & Parr in connection with the PCT application took place in Canada.

11. All of my working papers and files related to the services I provided for Touchcom are located in the Toronto office of Bereskin & Parr in Ontario.

12. A small portion of the computer source code that had been attached to the Canadian patent application as filed was not filed with the application made in the British Patent Office.

13. A national phase entry application for Touchcom's technology was filed with the U.S. PTO in Virginia on December 28, 1989. In accordance with PCT requirements, the actual text of the patent application was transmitted to the U.S. PTO in Virginia by the International

Bureau of WIPO (World Intellectual Property Organization), the organization which administers the PCT system. Because the PCT filing date is deemed to be equivalent to a national filing date in the designated states, the U.S. application was required to be identical to the PCT application filed in the British Patent Office. Accordingly, the application as filed in the United States tracked identically the application which had been filed in the British Patent Office. All work performed by Bereskin & Parr in connection with the U.S. application was done in Canada.

14. The only documents transmitted by B&P to the U.S. PTO in Virginia were 1) a transmittal letter in accordance with the PCT forms; 2) a cover letter transmitting the papers and outlining applicable fees; 3) a declaration executed by Peter Hollidge; 4) a Preliminary Amendment; 5) a Petition to Make Special; 6) a Small Entity Declaration executed by Peter Hollidge; and 7) a Small Entity Declaration Executed by Touchcom. These documents were necessary to perfect the national phase entry application in the U.S. PTO. Although some of these documents were addressed to the "Commissioner of Patents and Trademarks" in Washington, D.C., this was a nominal address, and these documents were not delivered to Washington, D.C. Rather, to ensure receipt of these documents by the U.S. PTO in Virginia because of time-sensitivity issues, B&P used a filing service to hand deliver these documents to the appropriate office within the U.S. PTO, which was then physically located in Arlington, Virginia. The delivery firm used by B&P was located in Arlington, Virginia, in close proximity to the U.S. PTO.

15. In connection with the services provided by B&P to Touchcom, we did not send or deliver any documents or correspondence to Washington, D.C.

**AFFIDAVIT OF H. SAM FROST — PAGE 4**
503237 000003 DALLAS 2083964.1

16. I am a resident of Mississauga in Ontario, Canada. I have lived in Canada since 1982. I have never been a resident of the United States.

17. I have never entered into a contract with a resident of the District of Columbia. I have never contracted to provide services to a resident of the District of Columbia.

18. I have never contracted to insure or acted as a surety for or on behalf of any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia.

19. I do not own, and have never owned, real property in the District of Columbia. I do not and have never used or possessed real property in the District of Columbia.

20. I do not have, and have never had, a spouse, parent, or child that resides in the District of Columbia.

FURTHER AFFIANT SAYETH NOT.

_____
H. SAM FROST

SUBSCRIBED AND SWORN TO before me this 21st day of September, 2006.

_____
Notary Public in and for Missassauga, Ontario, Canada

My commission expires: n/a

**AFFIDAVIT OF H. SAM FROST — PAGE 5**
503237 000003 DALLAS 2083964.1